IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ELIZABETH SEPULVETA for,** | : | |
| **J.A.S., a minor,** | : | Civil Action No. 1:05-CV-1399 |
| **Plaintiff,** | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| **JO ANNE B. BARNHART,** | : | |
| **Commissioner of Social Security,** | : | |
| **Defendant.** | : | |

## MEMORANDUM

Before the Court is Magistrate Judge Blewitt's Report and Recommendation (Doc. No. 13) affirming the decision of the Commissioner of Social Security to deny Plaintiff's application for supplemental security income pursuant to Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-83f.  Plaintiff has filed objections (Doc. No. 14) and Defendant has filed a brief in response (Doc. No. 15).

Plaintiff raises two objections to the Magistrate Judge's report.  Plaintiff first objects to the Magistrate Judge's conclusion that the Administrative Law Judge ("ALJ") adequately explained how all relevant evidence was evaluated.  Although the Court agrees with the Magistrate Judge that "we might have preferred that the ALJ discuss more explicitly how the Plaintiff would function outside of the learning support setting," (Doc. No. 13, at 16 n.8) the Court also agrees with the Magistrate Judge's conclusion that "our standard of review does not permit a remand for such discussion where, as here, the ALJ's findings with respect to the Plaintiff's limitations are supported by substantial evidence" (id.).  The Court therefore finds Plaintiff's argument to be without merit, and accordingly will overrule Plaintiff's objection.

Plaintiff's second objection is that the Magistrate Judge improperly made a factual finding concerning an issue that the ALJ did not address.  Plaintiff asserts that the ALJ

repeatedly mentioned issues of Plaintiff's noncompliance with his medical treatment, but never addressed the issue of whether Plaintiff's noncompliance was for good cause. The Magistrate Judge's report, however, found that Plaintiff was not justified in failing to comply with his medical treatment. Defendant asserts that Plaintiff's failure to comply with medical treatment is not at issue because the ALJ did not find that Plaintiff had a disabling impairment. (Doc. No. 15, at 3.) For the reasons that follow, the Court finds that Plaintiff's argument has merit and will sustain Plaintiff's objection and remand the case to the ALJ for further proceedings.

Pursuant to 42 U.S.C. § 423, a claimant is entitled to disability benefits upon a showing that he is disabled. Under regulations promulgated by the Social Security Administration, an ALJ must apply a three-step test to establish whether a child claimant is disabled. 20 C.F.R. § 416.924(a). First, the ALJ must find that the claimant has not engaged in "substantial gainful activity." Id. Second, the ALJ must determine whether the claimant has a severe physical or mental impairment. Id. Third, the ALJ must determine whether the impairment "meets, medically equals, or functionally equals," id., an impairment identified in a "Listing of Impairments," which "describes for each of the major body systems impairments . . . consider[ed] to be severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience." 20 C.F.R. § 404.1525(a).

At the third step, to determine whether an impairment is "functionally equal" to a listed impairment, an ALJ is required to evaluate six "domains,"[1] which are "are broad areas of

---

[1] The six domains are: "(i) Acquiring and using information; (ii) Attending and completing tasks; (iii) Interacting and relating with others; (iv) Moving about and manipulating objects; (v) Caring for yourself; and, (vi) Health and physical well-being." 20 C.F.R. § 416.926a(b)(1).

functioning intended to capture all of what a child can or cannot do." 20 C.F.R. § 416.926a(b)(1). Where a claimant has an "extreme" limitation in any one domain or "marked" limitations in any two of the six domains, the claimant's impairment is considered "functionally equal" to a listed impairment, 20 C.F.R. § 416.926a(a), and the claimant is deemed disabled.

In the present case, the ALJ found that the Plaintiff had not engaged in "substantial gainful activity," (ALJ Dec. at 7) and that Plaintiff's diabetes mellitus and attention deficit hyperactivity disorder were severe (ALJ Dec. at 2, 7). The ALJ also found that Plaintiff's impairments did not meet, medically equal, or functionally equal a listed impairment, and therefore Plaintiff was not disabled. (ALJ Dec. at 4, 7.) In reaching this conclusion, the ALJ found that Plaintiff did not have any "extreme" or "marked" limitations in any domain. (ALJ Dec. at 5-7.) However, while the ALJ found that in several domains "[Plaintiff] has less than marked limitation <u>when he is compliant with medication</u>" (ALJ Dec. at 5-6) (emphasis added), the ALJ also found that "there is significant non-compliance in this case" (ALJ Dec. at 7). It is at this point in the analysis that the ALJ erred.

According to the Social Security Administration regulations, a child claimant "must follow treatment prescribed . . . if the treatment can reduce [the claimant's] functional limitations so that they are no longer marked and severe." 20 C.F.R. § 416.930(a). But even if a child claimant does not comply with the treatment, he is entitled to benefits so long as he has "good reason" for non-compliance. 20 C.F.R. § 416.930(a); <u>Sharp v. Bowen</u>, 705 F. Supp. 1111, 1123 (W.D. Pa. 1989). When an ALJ fails to make the finding that a claimant's failure to comply with the treatment is unjustified, remand is appropriate. In <u>Preston v. Heckler,</u> the Fourth Circuit remanded on similar grounds:

> The Secretary's decision in this case was predicated on the express finding that the claimant's impairment was not so severe as to be legally disabling. No finding was made at the administrative level that the claimant was not complying with her prescribed treatment program or that she lacked good cause for failing so to comply. In the absence of such findings, we decline to review the record to ascertain whether substantial evidence might support these findings not made.
>
> Neither, on the present administrative record, could noncompliance be found as a matter of law and summary judgment be affirmed on that basis. At best the evidence of record reveals that noncompliance and lack of cause therefor remain disputed issues of fact to be resolved by a factfinder.

769 F.2d 988, 990 (4th Cir. 1985).

In the present case, although the ALJ acknowledged that Plaintiff was often non-compliant with his prescribed treatment, the ALJ did not make any findings related to whether such non-compliance was justified. In other words, the ALJ did not indicate whether Plaintiff's limitations in his non-medicated state are functionally equal to a listed impairment. If they are, an ALJ must find that Plaintiff's failure to follow his prescribed treatment is justified. These are findings of fact, which must be made by the ALJ at the agency level.

An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ELIZABETH SEPULVETA for,** | : | |
| **J.A.S., a minor,** | : | Civil Action No. 1:05-CV-1399 |
| **Plaintiff,** | : | |
| | : | **(Chief Judge Kane)** |
| **v.** | : | |
| | : | |
| **JO ANNE B. BARNHART,** | : | |
| **Commissioner of Social Security,** | : | |
| **Defendant.** | : | |

## ORDER

**AND NOW** this 17 day of October 2006, upon consideration of the Magistrate Judge's Report and Recommendation and Plaintiff's objections, **IT IS HEREBY ORDERED THAT** Plaintiff's objections are **SUSTAINED IN PART** and **OVERRULED IN PART** as follows:

1. Plaintiff's objection that the ALJ did not properly explain all relevant evidence is **OVERRULED.**

2. Plaintiff's objection that the Magistrate Judge made findings on an issue not considered by the ALJ is **SUSTAINED**.

3. The case is **REMANDED** to the ALJ.  The ALJ should resolve the issue of Plaintiff's limitations in three domains of functioning: Attending and Completing Tasks, Interacting and Relating with Others, and Caring for Yourself.  If, when Plaintiff is not on his medication, Plaintiff's limitations are "extreme" in any one domain or "marked" in any two domains, then the ALJ must proceed to determine whether Plaintiff failed to comply with medical treatment and whether good cause for such failure exists.

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania